RONALD W. BROWN, ESQ. (SBN 107340)
CARRIE E. BUSHMAN, ESQ. (SBN 186130)
COOK BROWN, LLP
555 CAPITOL MALL, SUITE 425
SACRAMENTO, CALIFORNIA 95814
TELEPHONE NO.: 916-442-3100
FACSIMILE NO.: 916-442-4227

Attorneys for Defendant TRI COUNTIES BANK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEON, JR.,<br><br>        Plaintiff,<br><br>  v.<br><br>TRI COUNTIES BANK,<br><br>        Defendant. | Case No. 2:12-CV-01529-JAM-DAD<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br><br><br>Action Filed: June 7, 2012 |

     WHEREAS, Plaintiff RICHARD LEON, JR. ("Plaintiff") has produced to Defendant TRI COUNTIES BANK ("Defendant") certain documents in this matter, identified as Bates Nos. LEON001448-2470, which contain customer and other financial information, including customer names, account numbers, account balances, and account collection data, which constitutes private, confidential, proprietary, and/or trade secret information ("Confidential Documents");

     WHEREAS Defendant has demanded the return of all such Confidential Documents, both in their original form as well as all hard or electronic copies that may have been made and has further demanded that all electronic versions of said documents which may be saved on Plaintiff's or his legal counsel's computer systems be destroyed;

     WHEREAS Plaintiff has expressed concern that, if the Confidential Documents are returned and all copies thereof destroyed, Defendant will resist disclosure of the

information contained in the documents and object to Plaintiff's testimony regarding the information contained in the documents based on the best evidence rule; and

In order to resolve these issues, subject to the approval of this Court, Plaintiff and Defendant ("Parties" collectively), through their respective counsel, hereby stipulate to the following protective order:

### 1. DESTRUCTION OF DOCUMENTS

Plaintiff and his legal counsel agree to destroy the Confidential Documents, both in their original form as well as all hard copies of the documents that have been made. Plaintiff and his legal counsel further agree that all electronic versions or electronic copies of such documents which may be saved on their respective computer systems will be destroyed. Finally, Plaintiff and his legal counsel agree to sign the affidavits attached hereto as Attachment 1 attesting to the destruction of all such Confidential Documents.

### 2. REDACTION OF DOCUMENTS

Defendant agrees to redact from the Confidential Documents all customer names, addresses, phone numbers, other identifying information, and all but the last 4 digits of customer loan numbers, and produce the redacted documents to Plaintiff's legal counsel pursuant to the terms of this Stipulation for Protective Order.

### 3. CONFIDENTIAL INFORMATION

This Stipulation for Protective Order will apply to the Confidential Documents, as well as all testimony concerning such documents taken at a deposition, hearing, conference or trial, and any summaries, copies, abstracts or other documents derived in whole or in part from the Confidential Documents (referred to collectively as "Confidential Information"). All documents subject to this Stipulation for Protective Order shall be marked in red with the word "Confidential". Any testimony concerning such documents shall be designated as confidential by making a statement to that effect on the record and arrangements shall be made with the court reporter transcribing the proceeding. The parties certify to the Court that there is a good faith basis both in law and fact for the designation of such documents and information as confidential.

4.  **USE OF CONFIDENTIAL INFORMATION**

The Confidential Information will be used by Plaintiff only in this action. Plaintiff will not use any Confidential Information for any purpose other than to present his claims in this action, and will not disclose the information to any third party, apart from the procedures provided for herein.

5.  **PERSONS AUTHORIZED TO TAKE CUSTODY OF CONFIDENTIAL INFORMATION**

Only the following persons shall be authorized to view, examine or obtain custody of the Confidential Information, or copies thereof, on condition that, before such viewing, examination, copying or note taking, they agree in writing to be bound by and adhere to the terms of this Stipulated Protective Order by executing a nondisclosure agreement in the form of Attachment 2 hereto:

A.  Plaintiff Richard Leon;

B.  Counsel for Plaintiff who are actively engaged in the conduct of this litigation, and any partner, shareholder, associate, law clerk, paralegal, assistant or secretary assisting said attorneys in this litigation;

C.  Any expert or consultant informally or formally retained for consultation and/or testimony in connection with this case by Plaintiff;

D.  Court officials involved in this litigation (including court reporters and any special master or arbitrator appointed by the Court or stipulated or agreed to by the Parties); and

E.  Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

6.  **RESPONSIBILITY CONCERNING CONFIDENTIAL INFORMATION**

The party to whom Confidential Information is disclosed or produced will be responsible for ensuring that parties and other persons are informed of the terms of this Stipulated Protective Order, but that no one, other than the persons specified in Paragraph 5, *supra*, is to be informed of the substance of any Confidential Information disclosed or

produced.  Before disclosing Confidential Information to any person, counsel will obtain from that person a written agreement to be bound by the terms of the Stipulated Protective Order.

### 7. NON-DISCLOSURE

No person authorized to view, examine or copy the Confidential Information, or to make notes therefrom, may disclose any portion of said documents or information to any person and/or entity not authorized hereunder.  No reproduction or photocopies are to be viewed, examined or maintained by any person or entities outside of those persons described in paragraph 5, *supra*.

### 8. DOCUMENTS REVEALED TO THE COURT

Whenever any party wishes to file with the Court, introduce or use at trial, a hearing, or any other proceeding any Confidential Information, that party shall provide 10 days' written notice to all parties and to the Court prior to disclosing or filing the Confidential Information.  Thereafter, any party may move the Court by application or noticed motion, pursuant to Rules 140 and 141 of the Local Rules of the United States District Court for the Eastern District of California (or other applicable court rule regarding filing documents under seal), to have all filings and disclosures containing Confidential Information filed under seal.  If the party moves the Court in this fashion, all such filings and disclosures containing Confidential Information shall be lodged and filed in the manner set forth in Rule 141 (or other applicable court rule regarding filing documents under seal) until the Court makes such rulings and provides instruction to the parties on how to file such Confidential Information thereafter.  In the event that any Confidential Information is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such information shall take all reasonable steps to maintain its confidentiality during such use.

### 9. SURRENDER OF DOCUMENTS AT CONCLUSION OF LAWSUIT

On final disposition of this action, counsel for any party having possession, custody or control of Confidential Information produced in the course of discovery, or otherwise, in

1  this action will promptly destroy all documents and tangible items covered by this Order,
2  including all copies, transcripts, notes, and extracts containing confidential information
3  except those marked as exhibits during trial, which shall be returned to Defendant's
4  counsel.

### 10. ADMISSIBILITY IN COURT

Nothing in this Stipulated Protective Order affects, in any way, the admissibility of any documents, testimony, or other evidence at trial.

### 11. VIOLATION OF ORDER

Upon any claimed or alleged violation of this Stipulation for Protective Order or any portion thereof, the non-violating party is entitled to seek appropriate relief, if any, including, but not limited to, the imposition of sanctions.

### 12. EFFECTIVE DATE

The effective date of this Stipulation for Protective Order shall be the date upon which it is signed by all parties through their attorneys of record.

### 13. MODIFICATION

This Stipulation for Protective Order may be modified in writing only by signed agreement of the parties.

DATED: July 9, 2013                    COOK BROWN, LLP

                                       By:  /s/ Carrie E. Bushman
                                            CARRIE E. BUSHMAN
                                            Attorneys for Defendant
                                            TRI COUNTIES BANK

DATED: July 9, 2013                    LAW OFFICE OF RICHARD M. ROGERS

                                       By:  /s/ Richard M. Rogers
                                            RICHARD M. ROGERS
                                            Attorneys for Plaintiff
                                            RICHARD LEON, JR.

1   APPROVED AND SO ORDERED.

2

3   DATED: 7/9/2013              /S/ JOHN A. MENDEZ
                                 UNITED STATES DISTRICT COURT JUDGE
4

---

STIPULATION FOR PROTECTIVE ORDER

6

C:\Documents and Settings\HVine\Desktop\12cv1529.o.7913.docx